1

2

3

4

5

6

7   UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8   AT TACOMA

9   DARNELL O MCGARY,

10                          Petitioner,          CASE NO. C14-5829 BHS-KLS

11          v.                                   ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY
12   MARK STRONG,

13                          Respondent.

14
        Petitioner Darnell McGary seeks an order "allowing discovery as good cause is being
15
shown to reference the illegal nature of his restraint." Dkt. 9.   Mr. McGary fails to show that
16
discovery is necessary or proper under the limited scope of review allowed by 28 U.S.C. §
17
2254(d), and therefore, the motion is denied.
18
                                    **DISCUSSION**
19
        Rule 6(a) of the Rules Governing Section 2254 Cases provides that a judge may, for good
20
cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and
21
may limit the extent of discovery.  Rule 6(a), 28 U.S.C. foll. § 2254.  However, "[a] habeas
22
petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of
23
ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Discovery is properly limited in
24

ORDER DENYING PETITIONER'S MOTION FOR
DISCOVERY- 1

1    habeas corpus because it "is not the trial itself but a collateral attack upon a standing conviction."

2    *Austad v. Risley*, 761 F.2d 1348, 1355 n. 4 (9th Cir. 1985).  Absent a showing of good cause, a

3    court should deny a motion for leave to conduct discovery.  *Rich v. Calderon*, 187 F.3d 1064,

4    1067-68 (9th Cir. 1999).  To show good cause, the petitioner must set forth specific facts

5    showing that discovery is appropriate in the particular case.  *Deputy v. Taylor*, 19 F.3d 1485,

6    1493 (3rd Cir. 1994) (*citing Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)).

7          In addition, the Court's review is limited to the record before the state courts when the

8    state courts adjudicated the claims.  28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S. Ct. 1388,

9    1398 (2011). "Evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a

10    claim has been adjudicated on the merits by a state court, a federal habeas petitioner must

11    overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 1400.

12          Under this limited scope of review, the Court may not consider new evidence not

13    presented to the state courts.

14          Mr. McGary does not set forth specific facts showing that discovery is appropriate in his

15    case.   Therefore, his motion (Dkt. 9) is **DENIED.**  The Clerk shall send a copy of this Order to

16    Petitioner and to counsel for Respondent.

17          DATED this 12th day of November, 2014.

18

19

20    Karen L. Strombom
      United States Magistrate Judge

21

22

23

24