UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL O MCGARY,

        Petitioner,

v.

MARK STRONG,

        Respondent.

CASE NO. C14-5829 BHS-KLS

ORDER DENYING PETITIONER'S MOTION TO RENEW MOTION FOR THE APPOINTMENT OF COUNSEL

Petitioner Darnell McGary "renews" his prior motion seeking the appointment of counsel in this habeas proceeding. Dkt. 25. His first motion seeking the appointment of counsel (Dkt. 11) was denied. Dkt. 18. Having carefully considered the motion to renew, the Court finds that it should be denied.

**DISCUSSION**

Mr. McGary filed his habeas corpus petition challenging his civil commitment as a sexually violent predator on October 20, 2014. Dkt. 2. On December 5, 2014, Respondent filed his Answer and submitted the relevant record from Mr. McGary's state court proceedings. Dkts. 19 and 20. On December 18, 2014, Mr. McGary filed his response, presenting legal and factual arguments in response to Respondent's answer. Dkt. 22. On the same day, Mr. McGary filed his motion to renew appointment of counsel. Dkt. 25.

1     There is no constitutional right to the appointment of counsel in a federal habeas corpus

2 proceeding.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551,

3 555 (1987).  If an evidentiary hearing is required, the Court may appoint counsel for a petitioner

4 who qualifies under 18 U.S.C. § 3006(A)(g).  Rule 8(c), 28 U.S.C. foll. § 2254.  The Court may

5 also appoint counsel at an earlier stage of the proceedings if the interest of justice so requires.  18

6 U.S.C. § 3006(A); *see also* 21 U.S.C. 848(q); 28 U.S.C. § 2254(h); *Terrovona v. Kincheloe*, 912

7 F.2d 1176, 1181-82 (9th Cir. 1990); *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962).

8 "In exercising its discretion, the district court should consider the legal complexity of the case,

9 the factual complexity of the case, and the petitioner's ability to investigate and present his

10 claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir.

11 1994) (citing *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)).

12     Mr. McGary fails to show the appointment of counsel is necessary.  Respondent has

13 answered the petition and submitted the relevant state court record, and Mr. McGary has filed a

14 response.  Under 28 U.S.C. § 2254(d), the Court's review of Mr. McGary's claims is limited to

15 the record that was before the state courts.  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

16 As Mr. McGary has not shown the case presents complex legal or factual issues that would

17 require the appointment of counsel in the interests of justice, he is not entitled to counsel.

18     Accordingly, the motion for appointment of counsel (Dkt. 25) is **DENIED.**  The Clerk

19 shall send a copy of this Order to Petitioner and to counsel for Respondent.

20     DATED this  9th   day of January, 2015.

21

22                               Karen L. Strombom

23                               United States Magistrate Judge

24

ORDER DENYING PETITIONER'S MOTION TO
RENEW MOTION FOR THE APPOINTMENT OF
COUNSEL- 2