UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL O. MCGARY,

                Petitioner,

v.

MARK STRONG,

                Respondent.

CASE NO. C14-5829 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

     This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 30), and Petitioner Darnell McGary's ("McGary") objections to the R&R (Dkts. 31, 32).

     On October 21, 2014, McGary filed a petition seeking habeas corpus relief from his 2013 order of civil commitment. Dkt. 2. McGary raises two grounds for relief: (1) the State is precluded from arguing other diagnoses for his civil commitment; and (2) his civil commitment violates the Double Jeopardy and Ex Post Facto Clauses. *Id.*

     On January 9, 2015, Judge Strombom issued the R&R recommending that the Court deny McGary's petition and deny a certificate of appealability. Dkt. 30. On January 16 and 22, 2015, McGary filed objections. Dkt. 31, 32. On January 23, 2015,

Respondent Mark Strong responded. Dkt. 33. On January 30, 2015, McGary replied. Dkt. 34.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

McGary objects to the R&R, arguing that Judge Strombom unreasonably applied United States Supreme Court precedent. Dkt. 32. The Court disagrees. Judge Strombom thoroughly analyzed the cases cited by McGary, as well as other applicable precedent, in the R&R. *See* Dkt. 30 at 6–10. In light of this precedent, Judge Strombom properly concluded that McGary's claims are not based upon clearly established federal law and thus habeas relief is barred under 28 U.S.C. § 2254(d) . *See id.* The Court further agrees with Judge Strombom that a certificate of appealability should not be issued to McGary.

McGary also objects to Judge Strombom's determination that an evidentiary hearing is not required. Dkt. 32. As Judge Strombom explained, a petitioner must satisfy the requirements of 28 U.S.C. § 2254(e)(2) to obtain an evidentiary hearing. *See* Dkt. 30 at 4–5. McGary does not provide any argument that he satisfies those requirements. Finally, McGary objects to Judge Strombom's denial of his motion to appoint counsel. Dkt. 32. McGary, however, has not established that Judge Strombom's decision is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

1     Therefore, the Court having considered the R&R, McGary's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     The petition is **DISMISSED**;

(3)     The certificate of appealability is **DENIED**; and

(4)     The Clerk shall close this case.

Dated this 4th day of March, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge