UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL O. MCGARY,

               Petitioner,

   v.

MARK STRONG,

              Respondent.

CASE NO. C14-5829 BHS

ORDER DISMISSING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AS UNAUTHORIZED SECOND OR SUCCESSIVE PETITION

    This matter comes before the Court on Petitioner Darnell McGary's ("McGary") motion for relief from judgment (Dkt. 47).

    On October 21, 2014, McGary filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 2. On March 4, 2015, the Court dismissed McGary's petition, concluding that relief was barred under § 2254(d). Dkt. 38. On March 5, 2015, the Court entered judgment against McGary. Dkt. 39. On March 30, 2015, McGary appealed the Court's order and judgment to the Ninth Circuit. Dkt. 41. On April 16, 2015, the Ninth Circuit denied McGary's request for a certificate of appealability. Dkt. 44.

On August 17, 2015, McGary moved for relief from the judgment under Federal Rule of Civil Procedure 60. Dkt. 47. In his motion, McGary asks the Court to review its rulings "due to newly discovered law" and reopen his case. *Id.* On August 24, 2015, McGary filed a letter with the Court presenting additional case law. Dkt. 48.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). For habeas petitioners, a Rule 60(b) motion may not be used "to make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (internal quotation marks omitted). A Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 532. "On the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relied under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. A Rule 60(b) motion does not constitute a second or successive petition when it challenges "some defect in the integrity of the federal habeas proceedings." *Id.* at 532.

Although labeled as a Rule 60 motion, McGary's motion is in substance a second or successive habeas petition. The instant motion does not allege any specific defect in the integrity of the prior proceedings. Rather, the motion seeks to have the Court review its previous ruling due to "newly discovered law." Dkt. 47. The Court therefore must

1 | treat McGary's Rule 60 motion as a second or successive petition. *See Gonzalez*, 545
2 | U.S. at 531.
3 |      Before filing a second or successive petition in district court, a petitioner must
4 | obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A);
5 | *Felker v. Turpin*, 518 U.S. 651, 657 (1996). In the absence of an order from the Ninth
6 | Circuit, this Court lacks jurisdiction to consider a second or successive petition and must
7 | dismiss it. *Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S.
8 | 147, 157 (2007). Because McGary has not obtained authorization from the Ninth Circuit,
9 | the Court must dismiss his petition.
10 |      Therefore, it is hereby **ORDERED** that McGary's motion for relief from
11 | judgment (Dkt. 47) is **DISMISSED** as an unauthorized second or successive petition. A
12 | certificate of appealability is **DENIED**.
13 |      Dated this 30th day of September, 2015.

                                                    BENJAMIN H. SETTLE
                                                    United States District Judge